UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JON SABIN

                Plaintiff,                  7:12-cv-1373
                                                      (GLS/DEP)
        v.

DEANNA NELSON et al.,

                Defendants.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Jon Sabin
Pro Se
P.O. Box 530
South Colton, NY 13687

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN      J. RICHARD BENITEZ
New York Attorney General           Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Jon Sabin commenced this action against defendants

Deanna Nelson, individually and as Assistant Attorney General for the

State of New York, Eric Schneiderman, individually and as New York State Attorney General, and Andrew Cuomo, individually and as Governor of the State of New York, alleging that certain New York State laws are unconstitutional, and seeking declaratory and injunctive relief. (Compl., Dkt. No. 1.) Pending before the court is a motion by defendants for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 27.) For the reasons that follow, the motion is granted, and Sabin's complaint is dismissed without prejudice.

## II. Background[1]

Sabin's complaint, far from a model of clarity, is almost entirely devoid of concrete factual assertions. Sabin trains service dogs to assist individuals suffering from epilepsy. (Compl. ¶ 10.) He alleges that New York State laws somehow "prohibit [him] from offering for sale or . . . train[ing] service dogs," (*id.* ¶ 12), and that if he disregards those laws, he risks arrest of his employees and future civil litigation brought against him, (*id.* ¶ 13). Therefore, Sabin seeks a declaration that certain provisions of New York State law, presumably the provisions of the New York State

---

[1] The facts are drawn from Sabin's complaint and presented in the light most favorable to him.

Human Rights Law[2] defining "guide dog," "hearing dog," and "service dog," (*id.* ¶ 23), among others, are unconstitutional because they conflict with similar definitions in the Americans with Disabilities Act[3] (ADA) and related regulations, (*id.* ¶¶ 14, 23, 47-54). He also seeks "preliminary and permanent injunctive relief" prohibiting defendants from enforcing these allegedly unconstitutional laws. (*Id.* ¶¶ 55-66.) Sabin asserts that these "New York State Laws" infringe his "rights under the First[ and] Fourteenth Amendments," (*id.* ¶ 50), because "[t]he New York Assistant Attorney General has made attempts to curb [Sabin]'s speech about his rights and service dogs he has trained," (*id.* ¶ 52(A)).

While Sabin spends numerous pages of his complaint describing the legislative history of various federal and state laws, his primary point of contention seems to be that, while a "service animal" is defined by federal law as "any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability," 28 C.F.R. § 36.104, the State Human Rights Law defines "service dog" as "any dog that is trained to work or perform specific tasks for the benefit of a person with a disability *by a*

---

[2] *See* N.Y. Exec. Law §§ 290-301.

[3] *See* 42 U.S.C. §§ 12101-12213.

*recognized service dog training center or professional service dog trainer*," N.Y. Exec. Law § 292(33) (emphasis added). Sabin's complaint also references similar issues with provisions of the New York Public Health Law, (Compl. ¶ 25), Civil Rights Law, (*id.* ¶¶ 26, 28), and Agriculture and Markets Law, (*id.* ¶ 31). According to Sabin, these discrepancies between the state and federal definitions somehow result in the unconstitutionality of the state laws.

### III. Standard of Review

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Wright v. Monroe Cmty. Hosp.*, 493 F. App'x 233, 234 (2d Cir. 2012) (internal quotation marks and citation omitted). For a full discussion of that standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

In their motion, defendants argue, primarily, that Sabin's claims for declaratory and injunctive relief should be dismissed because the governor and attorney general are not proper parties in this case. (Dkt. No. 27,

4

Attach. 1 at 6-7.)  Sabin has not responded to this argument, but merely argues in response to the motion, in general terms, that individual defendants can be sued in their official capacities for injunctive relief, and that a private right of action exists under the ADA.  (Dkt. No. 32 at 2-11.)  For the reasons that follow, defendants' motion is granted, and Sabin's complaint is dismissed without prejudice.

"[A] state official may be joined as a defendant to a suit to restrain the enforcement of an allegedly unconstitutional statute if that official 'by virtue of his office has some connection with the enforcement of the act.'" *United States v. New York*, No. 5:04-CV-00428, 2007 WL 951576, at *3 (N.D.N.Y. Mar. 27, 2007) (quoting *Ex Parte Young*, 209 U.S. 123, 157 (1908)); *see Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976).  Defendants argue, on this basis, that they are not proper parties because "the New York State legislature has delegated . . . the authority to implement and enforce the State's anti-discrimination laws" to the New York State Division of Human Rights.  (Dkt. No. 27, Attach. 1 at 7 (citing N.Y. Exec. Law § 290).)

With respect to the Attorney General, the Second Circuit has held that when "[t]he Attorney General has no connection with the enforcement

of [the state statute at issue, he] cannot be a party to [the] suit." *Mendez*, 530 F.2d at 460. The court further explained that, "[a]lthough he has a duty to support the constitutionality of challenged state statutes, and to defend actions in which the state is 'interested', the Attorney General does so, not as an adverse party, but as a representative of the State's interest in asserting the validity of its statutes." *Id.* (citations omitted). Here, defendants have asserted that "enforcement of the New York Human Rights Law rests with [the] Division of Human Rights," (Dkt. No. 27, Attach. 1 at 5 (citing N.Y. Exec. Law § 290)), and there are no allegations to the contrary in Sabin's complaint. Sabin has also failed to allege in his complaint how Schneiderman or Nelson have enforced the particular laws he alleges to be unconstitutional. Sabin has, therefore, offered no basis on which the court could find that these defendants have "some connection with the enforcement" of the statutes in question or any acts taken pursuant thereto. *Ex Parte Young*, 209 U.S. at 157.

With respect to the Governor, "[t]he vast majority of courts to consider [this] issue have held . . . that a state official's duty to execute the laws is not enough by itself to make that official a proper party in a suit challenging a state statute." *Warden v. Pataki*, 35 F. Supp. 2d 354, 359 (S.D.N.Y.

6

1999) (citing *1st Westco Corp. v. Sch. Dist.*, 6 F.3d 108, 113 (3d Cir. 1993) ("General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law."); *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979) ("The mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute."); *Gras v. Stevens*, 415 F.Supp. 1148, 1151-52 (S.D.N.Y.1976)), *aff'd sub nom. Chan v. Pataki*, 201 F.3d 430 (2d Cir. 1999); *but see Ass'n of Am. Med. Colls. v. Carey*, 482 F. Supp. 1358, 1363 (N.D.N.Y. 1980) (holding that the Governor's constitutional duty to "take care that the laws are faithfully executed" is a sufficient basis to make him a proper party in a suit challenging a state statute). As Sabin has failed to make any allegations whatsoever with respect to the Governor's role in enforcement of any of the statutes at issue, or with any acts taken pursuant thereto, the claims against Cuomo are dismissed without prejudice. *See N.Y.S. Motor Truck Ass'n v. Pataki*, No. 03 CV 2386, 2004 WL 2937803, at *12 (S.D.N.Y. Dec. 17, 2004) ("Since the complaint fails to allege that the Governor has any connection with the enforcement of the statute, other than his general duty to ensure the laws are faithfully executed, he is

immune from suit even though the remedy sought here is only injunctive and declaratory relief.").

While it is unclear to the court why defendants did not move to dismiss on the basis that Sabin has not stated a claim, the court recognizes the difficulty in construing Sabin's complaint, and because Sabin is proceeding *in forma pauperis*, (Dkt. Nos. 2, 4), the court maintains an ongoing obligation to dismiss the complaint if Sabin has failed to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted"). Here, on initial review of Sabin's complaint pursuant to § 1915(e), with respect to Sabin's potential claims seeking declaratory or injunctive relief, Magistrate Judge David E. Peebles simply recommended that "to the extent [Sabin]'s complaint asserts any claims seeking declaratory or injunctive relief against . . . defendants in their official capacities, . . . Sabin may pursue those claims in this action" because they were not barred by Eleventh Amendment immunity, but clarified that this did not constitute "any determination regarding the merits of those claims, or whether they would survive a motion to dismiss." (Dkt. No. 4 at 12.)

However, after careful review of the complaint, and even construing it liberally, as the court must, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006), it is unclear from the complaint, as currently drafted, exactly which New York State statutes Sabin alleges to be unconstitutional and seeks to be enjoined, and how these statutes deprive him or other individuals of constitutional rights. Instead, Sabin's complaint lists his largely incomprehensible grievances in conclusory fashion, simply stating in his causes of action that "[t]he New York State Laws" are unconstitutional because they violate the First and Fourteenth Amendments. (Compl. ¶¶ 47-66.)

In his first cause of action, Sabin claims that he "wishes to engage in activities protected under the First Amendment, *i.e.*, to be critical of the New York State service animal laws and to train service animals under the Americans with Disabilities [A]ct," (*id.* ¶ 53), but there are no factual assertions in the complaint which would indicate that any New York State law, on its face or as applied to Sabin, prevents him from criticizing New York laws, nor are there any facts alleged that would support a conclusion that defendants have taken any action to deprive Sabin of his First Amendment rights. Similarly, Sabin's second cause of action seeks to

9

enjoin enforcement of "New York State service animal laws" because they "violate[ his] First, Fourteenth Amendment rights and the Americans with Disabilities Act." (*Id.* ¶ 57.) However, it remains unclear which particular laws Sabin claims to be unconstitutional, and how exactly they violate any constitutional rights. Accordingly, in his current complaint, Sabin has not adequately stated a claim for relief.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for judgment on the pleadings (Dkt. No. 27) is **GRANTED**; and it is further

**ORDERED** that Sabin's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 30, 2014
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court